# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-11-856-D |
| ) | |
| USA TRUCK, INC. and JIMMY WATKINS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are Plaintiff's motions in limine [Doc. No. 92]. Defendants timely responded to the motions.

Plaintiff seeks to exclude at trial two categories of evidence, arguing that: 1) Defendants' expert witness, Dr. Charles E. Bain, should be precluded from referencing any testing he performed in this case after completing his expert report; and 2) Defendants' expert witness, Dr. Richard Dubinksy, should not be allowed to state that his medical examination of Plaintiff was restricted by Plaintiff's counsel.

1. Testimony or reference by Dr. Charles E. Bain regarding tests he performed after submitting his expert report:

Dr. Bain is an expert witness in the disciplines of vehicle dynamics/ accident reconstruction, biomechanics, injury reconstruction, and related fields. He is also a medical doctor. Plaintiff notes that the expert witness report he prepared included a statement that he would carry out "full scale impact testing utilizing a human subject," and would supplement his report when the testing was completed. Plaintiff's motion, Ex.1. When Plaintiff's counsel complained to Defendants' counsel that performance of such testing would be "out of time," Defendants' counsel responded that there "has been no additional testing and there are no plans for any." Plaintiff's motion, Ex. 2. According

to Plaintiff, Dr. Bain's expert report has never been supplemented. However, Plaintiff notes that Defendants' exhibit list appears to contain exhibits reflecting tests conducted by Dr. Bain.

In response to Plaintiff's motion in limine, Defendants point out that Dr. Bain's expert report states he has "conducted backup testing of a tractor trailer," and it explains the findings derived from that testing. Defendants state that the exhibits it listed relate to those tests, which were disclosed in the expert report. However, Defendants acknowledge that Dr. Bain conducted some post-report testing, and he did not prepare a supplemental expert report. Although the videos prepared by Dr. Bain and the related test materials were disclosed to Plaintiff's counsel on December 5, 2012, Defendants agree that they will not seek to introduce these materials at trial. Defendants further agree that Dr. Bain will not be asked to testify regarding the videos or tests which were not disclosed in his expert report. However, Defendants contend that, if Plaintiff "opens the door" to such testimony during the examination of Dr. Bain, Defendants will seek to permit him to discuss the videos and/or the tests.

The Court concludes that Plaintiff's motion is moot, as Defendants have agreed they will not attempt to utilize at trial any tests that were not disclosed in Dr. Bain's expert report. To that extent, the motion in limine is denied as moot.

2. Testimony that Dr. Dubinsky's examination of Plaintiff was restricted by Plaintiff's counsel:

Plaintiff argues that Defendants' expert witness, Dr. Richard Dubinsky, should be precluded from testifying or mentioning that Plaintiff's counsel restricted his ability to examine Plaintiff and/or obtain his medical history during an independent medical examination performed pursuant to Fed. R. Civ. P. 35. Dr. Dubinksy stated in his expert report that, during the examination, counsel

instructed Plaintiff not to complete forms concerning his medical history.[1] Furthermore, Defendants state that Plaintiff's counsel would not permit Plaintiff to respond to Dr. Dubinsky's questions regarding Plaintiff's version of what occurred during the accident at issue in this lawsuit.

In the motion, Plaintiff takes the position that such questions are properly posed to a plaintiff only in connection with a deposition at which the plaintiff is accompanied by his counsel, and should not be permitted during a Rule 35 medical examination which counsel is not allowed to attend. Plaintiff's counsel states that it is his position that a Rule 35 "medical examination should not be a substitute for a deposition, or an additional deposition, where the plaintiff is questioned about the incident without counsel being present to monitor and object if necessary." Motion, p. 3. Plaintiff's counsel offers no authority to support this position, but states that Plaintiff's medical history and his explanation of the incident were disclosed in discovery prior to the examination. Thus, Plaintiff contends Dr. Dubinsky was not deprived of any information necessary to perform the examination.

Defendants note that a party's counsel has no right to be present during a Rule 35 examination. *See, e.g., Looney v. Lott*, 2012 WL 3583019, at *2 (E.D. Okla. Aug. 20, 2012) (unpublished opinion) (citing *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620, 632 (D. Kan. 1999) and *Douponce v. Drake*, 183 F.R.D. 565, 567 (D. Colo. 1998)).  Defendants argue that, in this case, a paralegal who attended the Rule 35 examination telephoned Plaintiff's counsel during the examination and obtained his instructions that Plaintiff should not complete the medical history requested by Dr. Dubinsky or explain Plaintiff's version of the accident at issue in this case. Defendants contend it was improper for Plaintiff's counsel to do so.

Although Plaintiff's motion in limine does not directly ask the Court to rule that the conduct

---

[1] Plaintiff states that Dr. Dubinksy made this statement at page 6 of his expert report. Although the Court has been unable to locate a copy of the report, Defendants do not dispute that the statement was made by Dr. Dubinsky.

of Plaintiff's counsel was proper in this regard, it implicitly asks the Court to do so by seeking to prevent Dr. Dubinsky from mentioning counsel's involvement.  The Court declines to so rule. To the extent Dr. Dubinsky asserts that his examination was limited, he will be subject to reasonable cross-examination regarding the same.  The motion in limine is DENIED.

    IT IS SO ORDERED this 21st day of February, 2013.

                                              TIMOTHY D. DeGIUSTI
                                              UNITED STATES DISTRICT JUDGE