## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| ERIC BROWN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | NO. CIV-11-856-D |
| USA TRUCK, INC. and JIMMY WATKINS, | ) ) ) | |
| Defendants. | ) | |

### ORDER

Pursuant to the Scheduling Order, the parties have submitted their respective designations and counter-designations of deposition testimony to be used at trial, along with any objections to the designated deposition testimony. In compliance with the Court's directions during the February 7, 2013 pretrial conference, the parties have timely submitted transcripts of the depositions and have marked the transcripts to reflect the designations, counter-designations, and objections. In addition, the parties have included an explanation of the bases for objections, followed by the opposing party's responses to the objections. The Court has reviewed the submissions, and notes that, of the eleven deposition transcripts submitted, seven contain designated testimony to which an objection is raised.

Having considered the objections and responses thereto, the Court rules as follows:

<u>1. Deposition testimony of Clifford Gall, M.D.:</u>

Defendants object to the testimony designated by Plaintiff at page 41, lines 5-9, lines 14-17 and lines 21-22; page 42, lines 3-8 and 12-13; and page 44, lines 20-225 and page 45, lines 1-4. The basis for all objections is that the questions are leading and compound and that counsel is testifying. Plaintiff responds that leading questions are permissible because the witness is being cross-

examined, and argues the questions are relevant to determining the information on which the witness's medical opinion is based. The Court agrees with Plaintiff, and the objections are overruled.

2. Deposition testimony of Santosh George, M.D.:

Plaintiff objects to Defendants' designation of Dr. George's testimony at page 49, lines 24-25, and at page 50, lines 1-6. Plaintiff argues the questions call for speculation, mischaracterize Plaintiff's testimony, and are argumentative. Defendants respond that the testimony is not speculative because it is based on Dr. George's observations of Plaintiff during his medical treatment.

The record reflects that Dr. George is an orthopedic surgeon who examined and treated Plaintiff from approximately May to November, 2010. The testimony is not speculative because the witness is testifying about his impressions based on his personal observations of Plaintiff. To the extent Plaintiff contends the questions mischaracterize Plaintiff's testimony, the Court will also hear Plaintiff's testimony, and can weigh this evidence accordingly. The objections are overruled.

3. Deposition testimony of Robert Haas, M.D.:

Defendants object to Plaintiff's designations of Dr. Haas's testimony at page 70, lines 15-22, on grounds that the testimony is hearsay and that counsel is testifying. Plaintiff argues that the testimony is not hearsay because it is based on medical records which will be in evidence as a result of a stipulation. Assuming the stipulation is as Plaintiff represents, the Court overrules the objection. Defendants may reassert the objection if this assumption proves incorrect.

Dr. Haas is designated as an expert witness, and he may testify about other physicians' records he reviewed, so long as those records are of the type "reasonably relied on by experts in the particular field." Fed. R. Evid. 703; *Beck's Office Furniture and Supplies, Inc. v. Haworth, Inc.,*

1996 WL 466673, at *7 (10th Cir. 1996) (unpublished opinion) (citing *TK-7 Corp. v. Estate of Barbouti*, 993 F.2d 722, 732-33 (10th Cir. 1993)).

Defendants also object to Dr. Haas's testimony at page 71, lines 23-25, and page 72, lines 1-3, asserting that counsel is testifying and that the question has been asked and answered. The objection is overruled.

Defendants object to the testimony at page 90, lines 6-15, as based on questions calling for speculation. Defendants also contend the questions are leading.  Plaintiff responds that Dr. Haas is designated as an expert, but is also one of Plaintiff's treating physicians.  Plaintiff argues the response is not speculative, but expresses an opinion of Dr. Haas based on his review, during the deposition, of other treating physicians' medical records regarding Plaintiff.   The objection is directed at counsel's question to Dr. Haas in which he is asked whether his review of the other medical records alters his opinion regarding Plaintiff's injury, specifically whether the problem for which he treated Plaintiff was a new injury.  The question  is couched in terms of the history and evaluation of Plaintiff by Dr. Haas in comparison with the medical histories or evaluations of other treating physicians, and asks him if, having seen medical records prepared by other physicians, his opinion would differ.  His response is based on the records of other physicians.

As noted above, the Court finds that the testimony is properly admitted if the requirements of Fed. R. Evid. 703 are satisfied.  The Court does not find the objection persuasive, as the question does not ask the witness to speculate.  To the extent Defendants object on grounds that the question mischaracterizes the evidence reviewed by Dr. Haas, the Court will evaluate that issue when it considers the evidence at trial.  The objection is overruled.

4. Deposition testimony of Yuri Tsirulnikov, D.O.:

Defendants object to Plaintiff's designations of Dr. Tsirulnikov's deposition at page 136, lines 15-25 and page 137, lines 1-4. In this testimony, the witness is asked if, during his treatment of Plaintiff, he observed anything that would give him reason to believe Plaintiff was exaggerating his symptoms or complaints. Defendants contend the testimony is repetitive, constitutes hearsay, requires speculation and is unresponsive to the question posed. As Plaintiff states in response, the witness was asked to offer an opinion based on his personal observation as one of Plaintiff's treating physicians. The objection is overruled.

Defendants also object to testimony at page 154, lines 20 -25, and page 155, lines 1-9, arguing the testimony constitutes hearsay, is speculative, vague and ambiguous, and the witness lacks personal knowledge of the subject matter. The designated testimony reflects that the witness was asked about his review of the medical records of other physicians and whether those records altered his opinion regarding Plaintiff's claimed injuries.

As discussed above, even if the records constitute hearsay, an expert witness may rely on hearsay evidence in formulating an opinion, and the testimony is proper if the witness reviewed records which are typically reasonably relied on by experts in the field. Fed. R. Evid. 703; *Beck, supra.* The Court does not construe the testimony as calling for speculation, as it is based on the witness's review of other expert opinions. The objection is overruled. For the same reasons, the Court overrules Defendants' hearsay objections to Dr. Tsirulnikov's testimony at page 154, lines 20-25 ; page 155, lines 1-9 and lines 13-25; page 156; page 157, lines 1-5; page 158, lines 15-25; and page 159, lines 1-3.

Defendants also designated a portion of Dr. Tsirulnikov's deposition testimony, and Plaintiff objects to some of the designations. Plaintiff objects to three portions of the testimony in which the witness testified he told Plaintiff he should stop smoking, and Plaintiff did not do so. These appear at page l8, lines 15-24; page 56, lines1-11; and page 73, lines 14-22. Plaintiff contends that such testimony is improper because there is no allegation of contributory negligence in this case, and evidence of failure to follow a physician's advice is not a defense, citing *Fritts v. McKinne*, 934 P. 2d 371 (Okla. Civ. App. 1997). Defendants respond that the cited decision does not support Plaintiff's argument and, in any event, the evidence regarding smoking is relevant to Plaintiff's claim of lost future income based on a life expectancy that does not take into consideration the effects of smoking. Defendants also note that the witness testified that smoking can, in some instances, detrimentally affect the healing process, and they suggest this is relevant to their claim that Plaintiff failed to mitigate damages.

The Court concludes that the objection should be overruled. The Court will assess the weight of this testimony in the context of all evidence received at trial.

Plaintiff also objects to the testimony designated at page 172, line 5, through page 173, line 5, arguing the question calls for speculation. In this testimony, the witness was asked if he believed a patient having Plaintiff's injuries would be disqualified from the work force. Plaintiff notes that the witness has not examined Plaintiff since March of 2010, and thus cannot opine about his current condition and whether it would prevent Plaintiff from working.

The Court overrules the objection to the admission of this testimony. As the trier of fact, the Court will assess the weight of the testimony in light of all the other evidence.

5. Deposition testimony of Shawna Donovan:

Defendants have designated portions of Ms. Donovan's deposition testimony, and Plaintiff objects to page 95, line 9, through page 97, line 11.  Ms. Donovan is a claims representative for Great American Insurance, a company which evaluated a claim submitted by Plaintiff after he injured his shoulder in March of 2010.  Ms. Donovan's testimony reflects she examined a Great American file which appeared to reflect that Plaintiff also filed a claim for property damage based on the August 2009 incident.   Plaintiff contends that, because Ms. Donovan admitted she had no direct knowledge regarding a 2009 claim, this portion of her testimony should be excluded under Fed. R. Evid.  403.  Defendants respond that the testimony provides context to explain repeated references to the August 2009 claim,  and indicates that another claim appears to have been filed.

While the Court has reservations about the relevance and probative value of this evidence, the objection is overruled at this time.

6. Deposition testimony of Phyllis Hunter:

Defendants designated portions of Ms. Hunter's testimony.  Plaintiff objects to several designations.

Plaintiff objects to the testimony at page 12, line 12, through page 14, line 7.  This testimony reflects that the witness, in her job as a claims specialist for Great American Insurance, reviewed Plaintiff's claim that he was injured on the job on March 9, 2010, sustaining an injury to his shoulder while he was cranking the wheels on his truck.  Ms. Hunter testified that, in reviewing that claim, she did a standard check of any prior claims and determined that, in August 2009, Plaintiff submitted a claim for property damage to his truck.  Plaintiff objects to this testimony on the grounds that the

witness admittedly has no direct personal knowledge of the 2009 property damage claim. Defendants respond by stating this testimony provides context and an explanation of repeated references to the "August 2009 claim."

The Court overrules the objection. Because this is a bench trial, there is no risk that a jury will be confused by Ms. Hunter's testimony. The Court will assess the weight of the testimony in light of all the other evidence.

Plaintiff also objects to page 15, lines 8-18, as Ms. Hunter testifies that the file she reviewed reflected Plaintiff did not file a claim for personal injury coverage in connection with the August 2009 accident. The Court finds that Ms. Hunter can testify regarding the contents of the files and records she reviewed, and she may state whether there is a record reflecting a personal injury claim made by Plaintiff. The Court will weigh her testimony along with the other evidence.

In addition, Plaintiff objects to Ms. Hunter's testimony at pages 23 and 24. Plaintiff argues that, in this testimony, the witness is offering a medical opinion, and she lacks the training and expertise to render that opinion.

Ms. Hunter's testimony reflects that she reviewed documents regarding Plaintiff's claim resulting from the March 2010 injury, including medical records, in connection with processing that claim. Plaintiff is correct that Ms. Hunter testified Plaintiff suffered a torn rotator cuff in that incident. She testified that she reached that conclusion based on medical records she reviewed. Plaintiff argues this constitutes an effort to offer an expert opinion, and he also points to testimony of medical witnesses who did not opine that Plaintiff's rotator cuff was torn.

The Court is aware that Ms. Hunter is not a medical expert, and she cannot offer an expert

opinion regarding matters which require medical training. She can, however, testify regarding her lay opinion as to information she obtained and gathered in the course of her review of the claim. "[A] lay witness may testify as to any opinion '(a) rationally based on the perception of the witness and (b) helpful to a clear understanding ... of a fact in issue.'"*Davoll v. Webb,* 194 F.3d 1116, 1138 (10th Cir. 1999) (quoting *Weese v. Schukman*, 98 F.3d 542, 550 (10th Cir.1996) and Fed.R.Evid. 701). The Court will weigh her testimony according to these standards, and the objection is overruled. For the same reasons, Plaintiff's objections to Ms. Hunter's testimony at page 38, line 13, through page 40, line 14, and at page 108, lines 13-24, are also overruled.

7. Deposition testimony of Jimmy Watkins:

Plaintiff has designated portions of the deposition testimony of Defendant Jimmy Watkins. Defendants object to page 36, lines 2-13, and to page 45, line 11, through page 46, line 3. This testimony relates to the reasons Mr. Watkins left a previous job position and questions regarding his prior driving record. Defendants object on grounds of relevance, and contend the testimony is more prejudicial than probative. Plaintiff responds that Mr. Watkins's credibility is an important issue and that the questions are probative of credibility, and documentary evidence on both topics will be introduced as exhibits.[1]

Because Mr. Watkins does not deny that he was at fault in causing the accident, the Court does not find his prior driving record significantly probative. However, the Court is aware that Mr. Watkins's testimony differs from that of Plaintiff with regard to the number of times Mr. Watkins's truck hit Plaintiff's truck, and credibility will be an issue. Although Mr. Watkins's work history

---

[1] Defendants have, however, objected to the introduction of exhibits reflecting Mr. Watkins's work history and prior driving record. The Court has not yet ruled on that issue.

and prior driving record do not appear at this time to constitute significant evidence impacting credibility, there is no risk of jury confusion or prejudice in this regard, and the Court will allow the testimony and weigh it accordingly. Plaintiff is cautioned, however, that the Court does not expect significant evidence to be presented in this regard. The objection is overruled.

IT IS SO ORDERED this 21st day of February, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE