## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| | ) | |
| ERIC BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-11-856-D |
| | ) | |
| USA TRUCK, INC. and JIMMY WATKINS, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court are Defendants' motions in limine [Doc. No. 93]. Plaintiff has timely responded to the motions.

Defendants seek to exclude three categories of evidence at trial: 1) Defendant Jimmy Watkins's work history and employment records; 2) medical bills incurred by Plaintiff after March 9, 2010 and paid by Great American Insurance company; and 3) Plaintiff's claimed lost wages for the time period of March 9, 2010 through November 17, 2010.

1.  Defendant Jimmy Watkins's work history and employment records:

Defendants seek exclusion of documents consisting of materials obtained by Plaintiff from Defendant Watkins's previous employers pursuant to subpoenas issued by Plaintiff in this case. According to Defendants, the documents reflect Mr. Watkins's employment from 2000 to date, and consist of numerous items typically found in an employee's personnel file including, *inter alia*, applications, payroll and tax  records, workers compensation and health insurance records, equipment inventories, and uniform orders. Although Defendants note the materials include some reprimands received from Mr. Watkins's employers, they state these are unrelated to his conduct in

connection with the incident on which Plaintiff's claims are based.[1] Defendants contend the documents reflecting Mr. Watkins's work history for the past 13 years are not relevant to any issue in this lawsuit, and any limited probative value the evidence may have is outweighed by the risk of prejudice to Defendants.

Plaintiff contends that these materials contain information relevant to the issue of Mr. Watkins's credibility.  Although Plaintiff concedes that Defendant Watkins admits he was at fault in the accident at issue, Plaintiff argues that credibility is an important issue because Mr. Watkins contends his vehicle struck Plaintiff's truck only once, while there is other evidence that it did so three times.  Plaintiff apparently intends to argue that the multiple collisions caused his injuries to be more severe than injuries that could have resulted from a single collision.

Plaintiff does not clearly articulate how the extensive documents reflecting the past 13 years of Mr. Watkins's employment will be relevant to the issue of his credibility.  However, Defendants state that Plaintiff intends to introduce evidence that, contrary to Mr. Watkins's deposition testimony, he was terminated from a position in law enforcement with the Hogansville Police Department in 2008 because a psychological evaluation concluded he was suffering from a personality disorder and was unfit to return to duty.  Mr. Watkins testified that he was terminated for political reasons.

Although Plaintiff may be able to utilize such evidence to impeach Mr. Watkins at trial, if done in a manner that complies with Fed. R. Evid. 607 and 608,[2] the Court finds the apparently

---

[1]The record reflects that Mr. Watkins admits he was at fault in this incident, which occurred when Mr. Watkins was attempting to park his truck and backed into Plaintiff's parked truck.

[2]There are additional forms of impeachment that are not expressly addressed in the Federal Rules of Evidence, such as bias and contradiction, which could also be applicable.  Ultimately, impeachment must also pass muster under Rules 401 and 403.

extensive work history evidence is likely irrelevant or, if minimally relevant, of limited probative value. According to Defendants, documents pertinent to the reasons for the prior termination of Mr. Watkins's employment consist of six pages. The Court sees no reason to burden the record with any other employment records, absent a showing by Plaintiff of their relevance to the issues in this case. Nevertheless, the Court will defer ruling on this issue until the challenged evidence can be considered in the context of the parties' trial presentations.

2. Evidence of Plaintiff's medical bills paid by Great American Insurance:

Defendants also seek to exclude evidence consisting of medical bills incurred by Plaintiff during the time period of March 9, 2010 through November 17, 2010 and paid by Great American Insurance. Defendants argue that these expenses should be excluded because they reflect medical treatment for injuries which were not incurred in the August 28, 2009 accident at issue in this case. Instead, Defendants argue the evidence will show that Plaintiff suffered a second, unrelated injury on or about March 9, 2010, and he submitted a claim for coverage for that injury to Great American Insurance. Defendants argue that Plaintiff cannot also recover in this lawsuit damages for a second injury for which he has already been compensated. Defendants suggest the collateral source rule is inapplicable because Plaintiff is seeking damages for injuries which did not result from the accident at issue in this lawsuit. In any event, Defendants contend that, pursuant to Okla. Stat. tit. 12, § 3009.1, such damages are precluded.

In response to Defendants' argument, Plaintiff argues that the evidence should not be excluded because a primary fact dispute in this case is whether Plaintiff's March 9, 2010 injury is related to the August 28, 2009 accident which is the subject of this lawsuit. Plaintiff agrees that, if the Court finds the March 9, 2010 injuries are not related to the August 28, 2009 accident, then

Plaintiff cannot collect damages from Defendants for the March 9, 2010 incident.  However, Plaintiff argues the March 2010 incident exacerbated the injuries he sustained on August 28, 2009, and he can collect all resulting damages from Defendants.

As Plaintiff correctly notes, the collateral source rule would apply if all damages sustained resulted from the August 28, 2009 accident.  In Oklahoma, "the general rule applied to determine the proper amount which will compensate for the injured party's 'whole loss' in a common law tort action is as follows: 'total or partial compensation for an injury received by the injured party from a collateral source wholly independent of the wrongdoer will not operate to lessen the damages recoverable from the person causing the injury.'" *Blythe v. University of Oklahoma*, 82 P.3d 1021, 1026 (Okla. 2003)(quoting *Denco Bus Lines, Inc. v. Hargis*, 229 P.2d 560, 564 (Okla. 1951)).  "An injured party's health insurance is a collateral source, the benefits of which may not be reduced from a damages award in a tort action." *Id.* at n. 7 (citing *Handy v. City of Lawton*, 835 P.2d 870, 874 (Okla. 1992) and *Robinson v. Borg–Warner Protective Services Corp.,* 31 P.3d 1041, 1045 (Okla. 2001)).

In this case, if Plaintiff's injuries resulted from the August 28, 2009 accident, the collateral source rule would not preclude his recovery from Defendants of damages for which he was also compensated by Great American Insurance, as payments from the insurer were derived from a collateral source.  If, on the other hand, the injuries for which he was compensated were not caused by the August 28, 2009 accident, recovery of the same amounts paid by Great American would be precluded.

As Plaintiff points out, Defendants' reliance on Okla. Stat. tit. 12, § 3009.1 is misplaced because the amendment expressly states it applies only to lawsuits filed on or after November 1,

4

2011.  Okla. Stat. tit. 12, § 3009.1(B).  This lawsuit was filed on July 18, 2011 in state court, and was removed to this Court on July 28, 2011.  Accordingly, the statute does not apply.

The Court agrees with Plaintiff that Defendants' motion must be denied.  Whether Plaintiff can recover the amounts previously paid by Great American Insurance depends on the Court's findings of fact with regard to whether the March 2010 injuries were caused by the August 28, 2009 accident.  That conclusion will not be reached until the Court evaluates the evidence at trial.   The Court will determine in its ruling whether Plaintiff is entitled to recover damages and, if so, the scope of those damages.  The motion is DENIED.

3.  Evidence of Plaintiff's lost wages for the period of March 9, 2010 through November 17, 2010:

The final category of evidence which Defendants seek to exclude consists of damages for lost wages from March 9, 2010 through November 17, 2010.  Because Great American Insurance paid disability benefits to Plaintiff during this time period pursuant to insurance coverage it provided to him for an occupational injury, Defendants contend that allowing Plaintiff to recover lost wages damages for the same period constitutes a double recovery.

This contention is also premised on Defendants' argument that the evidence will show that there were two separate and unrelated incidents which resulted in injury to Plaintiff.  As discussed above, if all injuries sustained were caused by the accident at issue here, the collateral source rule would permit Plaintiff to recover damages for lost wages for the entire time period, notwithstanding insurance payments he received.  If the injuries result from two separate unrelated incidents, however, the collateral source rule would not apply.

As explained in the Court's ruling on Defendants' motion regarding insurance payments for medical expenses, whether there are two separate and unrelated injuries is a matter for the Court to

decide at trial.  The motion is DENIED.

IT IS SO ORDERED this 21st day of February, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE